IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RASHEEN BLUE # 285-114,**
 Petitioner,

v.              Case No. 13-cv-638-RWT

**WARDEN,** *et al.*,
 Respondent.

## MEMORANDUM OPINION

Rasheen Blue ("Blue") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 28, 2013, challenging his 1999 convictions in the Circuit Court of Prince George's County, Maryland. ECF No. 1. Having determined that the petition is not time-barred,[1] Respondents have provided a response to the merits of the petition (ECF No. 10)[2] and Blue has replied. ECF No. 12. After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. §2254(e)(2). For the reasons set forth below, the petition will be denied and dismissed and a certificate of appealability shall not issue.

**Procedural History and Background**

On April 19, 1999, Blue pleaded guilty in the Circuit Court for Prince George's County to one count of felony murder in the first degree and one count of use of a handgun in the commission of a felony or crime of violence. ECF No. 7, Ex. 1, p. 6. On June 4, 1999, the court sentenced Blue to life in prison for felony murder, and a consecutive twenty-year term of incarceration for the handgun conviction, with 252 days credit. *Id.,* Ex. 1, p. 7. The remaining

---

[1] At post-conviction, Blue was granted the right to file a belated appeal, thus resetting the date on which his conviction became final. *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009); *Frasch v. Peguese*, 414 F.3d 518, 520-25 (4th Cir. 2005) (habeas petition is timely if filed within one year of completion of belated direct review process awarded to defendant in state post-conviction proceedings), cited in ECF No. 7, p. 3.

[2] Respondents' Exhibits 1-4 are filed with ECF No. 7. Exhibits 5-9 are filed with ECF No. 10.

counts of attempted robbery with a dangerous weapon and attempted robbery were entered as a *nolle prosequi*. *Id.* Blue did not file an application for leave to appeal his conviction by way of guilty plea, and the judgment of conviction became final on July 4, 1999. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of the date of judgment from which appeal sought). On June 15, 1999, Blue filed a motion for reconsideration of sentence. *Id.* On July 14, 1999, the court issued a memorandum declining to take any action with respect to the motion for reconsideration of sentence.[3] *Id.*, Ex. 1, p. 8.

On May 27, 2009, Blue filed a petition for post-conviction relief. ECF No. 7., Ex. 1, p. 8. Four amended petitions were subsequently filed. *Id.* at 8-10. On September 6, 2011, a post-conviction hearing was convened. Blue elected to proceed solely on the amended petition that was filed on August 29, 2011. ECF No. 10, Ex. 7 and Ex. 8, p. 3. Blue pursued eight claims of error, including a claim that his plea was not knowing, voluntary, or intelligent because the trial court accepted the guilty plea without first satisfying the requirement of Md. Rule 4-242(c) that it inform Blue that his appellate rights would be limited if he pleaded guilty. *Id.,* Ex. 7 at 4-24.

On May 10, 2012, the post-conviction court found that the trial court satisfied the requirement of Maryland 4-242(c) to find that Blue's guilty plea was knowingly, intelligently, and voluntarily made, but granted Blue the right to file a belated application for leave to appeal his conviction by guilty plea in connection with his claim that trial counsel was ineffective in not filing an application for leave to appeal Blue's guilty plea. ECF No. 7, Ex. 2, pp.1, 19. The post-conviction court otherwise denied Blue's petition for post-conviction relief.

On June 1, 2012, Blue filed an application for leave to appeal, raising two grounds: (1) that his guilty plea should be vacated because the trial court did not timely and properly inform

---

[3] The docket does not indicate that any action has been taken on this motion.

him of all the consequences of pleading guilty, in particular, waiving his right to automatic appeal, in accordance with Md. Rule 4-242(c); and (2) that his guilty plea should be vacated because he was not advised of the elements of the charges against him. *Id.,* Ex. 3, pp. 2, 6. The Court of Special Appeals treated Blue's application as an application for leave to appeal denial of his post-conviction petition and, in an unpublished opinion entered on January 25, 2013, summarily denied Blue's application for leave to appeal. ECF No. 7., Ex. 4. Blue filed a motion for reconsideration of dismissal which was denied on March 28, 2013.[4] *Id.,* Ex. 4 at 9.

Blue now contends that he is being held in custody illegally because he "was deprived of his right to due process and equal protection of the laws of the state, U.S.C.A. Const. Amend. 14." He claims that his plea was not voluntarily and intelligently made because "he was not informed of the waiver of his appellate rights." ECF No. 3, pp. 6 and 8 and Ex. 1, p. 5. In particular, Blue claims that his guilty plea was not voluntarily and intelligently made because the lower court failed to advise him that he was waiving his appellate rights, prior to accepting his plea, as required by Rule 11 of the Federal Rules of Criminal Procedure and Maryland Rule 4-242. *Id.*

**Standard of Review**

The federal habeas statute, 28 U.S.C. § 2254, as amended, provides a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). This "highly deferential" standard is "difficult to meet" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. __, ___, 131 S. Ct. 1388, 1398 (2011); *see also Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 786 (2011) ("If this standard is difficult to meet, that is because it was meant to

---

[4] The Court of Special Appeals issued its mandate on March 28, 2013. *Id.*

be."). Petitioner carries the burden of proof to meet this standard. *See Pinholster*, 131 S.Ct. at 1398.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring). "Under the ('unreasonable application') clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

The amendments to 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), require this Court to limit its analysis to the law as it was "clearly established" by precedent at the time of the state court's decision. Section 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. 2254 (d) (1) and (2)

The "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). To be "unreasonable," the state court's application of Supreme Court precedent must have been more than incorrect or erroneous. *See Lockyer,* 538 U.S. at 75. The state court's application must have been "objectively unreasonable." *See Williams v. Taylor*, 529 U.S. at 409; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**Analysis**

To be valid, a defendant's decision to plead guilty must be informed, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), and must be his voluntary and intelligent choice among alternative courses of action open to him. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A plea is not acceptable if a defendant does not comprehend his constitutional protections and the charges lodged against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). At the time of Blue's plea, Maryland Rule 4-242(c) provided that the trial court:

> may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and, (2) there is a factual basis for the plea.

The record reflects that Blue's plea was not constitutionally infirm. Pursuant to Maryland Rules 4-242 and 4-243, the trial court made specific inquiry to satisfy itself that Blue fully understood the consequences of pleading guilty and the terms of the plea agreement. ECF No. 10, Ex. 5, pp. 4-15. The court made further inquiry to ensure that Blue understood the constitutional rights in a criminal proceeding that he would give up by pleading guilty, including his right to a jury trial in which the jury would have to reach a unanimous verdict finding him guilty beyond a reasonable doubt, his right to confront the witnesses against him and to call witnesses and present evidence in his defense, and his right against self-incrimination. *Id*., pp 5-8.

The trial judge inquired as to whether Blue's plea was the result of any threats or inducements and as to whether Blue understood that by pleading guilty he could be sentenced to life in prison for the murder charge and to a consecutive term of 20 years in prison for the handgun charge. *Id*., pp. 12-15. The trial court also confirmed that, as a result of the plea agreement, Blue understood that he had the right to file for reconsideration of his 20-year sentence on the handgun offense by asking the court to make the sentence run concurrent with instead of consecutive to the life-sentence on the murder conviction, a request the state would oppose. *Id.*, p. 14. The trial court also confirmed, after the prosecutor explained on the record the evidence against Blue, that Blue agreed that he "did, in fact, shoot and kill the victim in this case," during an attempted robbery. *Id.*, p. 12. Blue further agreed that his attorney had "discussed the plea fully" with him. *Id.*, pp. 5, 12-13. At the time of sentencing, Blue was advised on the record of his right to request a three-judge panel to review his sentence, his right

to seek reconsideration of his sentence from the trial judge, and his right to request leave to appeal within thirty days.[5]  ECF No. 10, Ex. 6 at 7.

Relying on Rule 11 of the Federal Rules of Criminal Procedure and Maryland Rule 4-242, Blue claims that his rights to due process and equal protection of the laws were violated by the trial court's failure to advise him about his appellate rights prior to his acceptance of the plea. ECF No. 3, p. 5.  Clearly Blue was not advised of his post-trial appellate rights **before** his plea was accepted.  As noted by Respondents, at best, the oversight concerns a state law issue that cannot be transformed into a federal issue "merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997); *see* 28 U.S.C.A. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Blue's contention that Rule 4-242 requires such advisement before a guilty plea is accepted is not borne out by either the plain language of the rule nor by state law interpreting it. As stated, Maryland Rule 4-242(c) provides that a trial court may accept a guilty plea if it determines, after examining a defendant on the record in open court, that "the defendant is pleading voluntarily, *with understanding of* the nature of the charge and *the consequences of the plea*" and "there is a factual basis for the plea." *Id.* (emphasis added).

As the Supreme Court has stated, "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748.  "Likely consequences" means "direct consequences of his plea," not the "collateral consequences of a plea."  *See Cuthrell v. Direct, Patuxent Institution*, 475 F.2d 1364, 1365 (4th Cir. 1973) ("The law is clear that a valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his

---

[5] Two remaining counts in the underlying case and six remaining robbery cases pending against Blue were *nolle prossed* at sentencing.  *Id.*, Ex. 6 at 8-9.

plea.'"). Whether a consequence is "direct" or "collateral" "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id*. at 1366; *accord Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) (enumerating examples of direct and collateral consequences).

Under Maryland state law, there is no requirement that a trial court, before accepting a guilty plea, advise the criminal defendant that his appeal rights will be limited if he pleads guilty. *See Miller v. State*, 11 A.3d 340, 352-54 (2010), abrogated on other grounds by *Denisyuk v. State*, 30 A.3d 914, 924 n.7 (2011). As the intermediate appellate court explained in *Miller*, although such an advisement is the "better practice" under Maryland state law, *see Durbin v. State*, 468 A.2d 145, 149 (1983), "[a]dvice with respect to various modalities of possible appellate review is neither jurisdictional nor of a fundamental character . . . [and] most assuredly, not constitutional." *Miller*, 11 A.3d at 353-54.

Rule 11, a Federal Rule of Criminal Procedure, is not applicable to a state court proceeding. Further, there is no requirement under federal constitutional law that before a trial court may accept a criminal defendant's guilty plea, a defendant must be advised that his appeal rights may be limited by his pleading guilty. The Constitution requires that a plea be knowing, intelligent, and voluntary. *See Boykin*, 395 U.S. at 244. Beyond these essentials, the Constitution does not impose strict requirements on the mechanics of plea proceedings. *See Brady v. United States*, 397 U.S. 742, 747 n.4 (1970). As noted by Respondents, although Fed. R. Crim. P. 11 and its state analogs require additional safeguards, violations of such rules do not ordinarily render a plea constitutionally infirm and thus vulnerable to collateral attack. *See, e.g.*, *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979); *see also Estelle*, 502 U.S. at 68 n.2. As noted herein, Blue knowingly and voluntarily relinquished his right to a trial by jury, his right to

8

confront his accusers, and his privilege against self-incrimination, and he understood the nature and consequences of his plea. There is no additional federal constitutional requirement that at the time he accepted the plea, Blue be advised that he would not be able to file a direct appeal but would be limited to filing an application for leave to appeal if he wanted to challenge his conviction.[6]

The post-conviction court rejected Blue's claim that his plea was unknowing and involuntary. This determination is a reasonable application of federal law. *See Boykin v. Alabama*, 395 U.S. at 242; *Alford*, 400 U.S. at 31. Record evidence indicates that Blue fully understood the charges to which he was pleading guilty, as well as his potential sentencing exposure. The post-conviction determination did not unreasonably apply federal law; thus, Blue is not entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d).

## Certificate of Appealability

A certificate of appealability ("COA") shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Reasonable jurists would not find Blue's claim debatable.

---

[6] *See* Md. Code Ann., Cts. & Jud. Proc., §§ 12-301 (appeals from final judgment) and 12-302(e) (application for leave to appeal) (1998 Repl. Vol.); Md. Rules 8-202 and 8-204.

**Conclusion**

For the reasons stated herein, Blue's Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED** and a certificate of appealability shall not issue. A separate Order follows.

Dated: August 28, 2013

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE